**Laurence J. Freedman**
202 434 7372
ljfreedman@mintz.com



701 Pennsylvania Avenue, NW
Suite 900
Washington, DC  20004
202 434 7300
mintz.com

January 28, 2021

**Via ECF**
The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States, et al., ex rel. SW Challenger, LLC v. eviCore healthcare MSI, LLC,* No. 19-2501

Dear Judge Marrero:

On behalf of eviCore healthcare MSI, LLC (eviCore), we write pursuant to Rule II.A.2 of your *Individual Rules of Practice* to explain the basis for eviCore's proposed unopposed Motion to Unseal the original Complaint filed in this matter or, in the alternative, to respectfully request that the Court deem this letter as an unopposed Motion to Unseal, and to grant the requested relief. EviCore's counsel is available for a conference on this request at the Court's convenience. Counsel for both the U.S. Attorney's Office for the Southern District of New York *and* for plaintiff SW Challenger, LLC, (that is, all the relevant parties and the real party in interest), have informed us that they do not oppose this request.

Relator SW Challenger, LLC (SW Challenger or Relator) filed the Complaint that commenced this action under the *qui tam* provisions of the False Claims Act on March 21, 2019, under seal (the "Initial Complaint"). Relator filed its First Amended Complaint (FAC) on May 21, 2020, also under seal. The U.S. Department of Justice (DOJ), through the U.S. Attorney's Office for the Southern District of New York, did not intervene in the case. *See* 31 U.S.C. § 3730((b)(4).

On June 10, 2020, the Court ordered the Clerk to "unseal the above-captioned case." (ECF No. 6). In response to this Order, the Court unsealed the FAC. (ECF No. 7). No other documents were unsealed at that time. The Relator then filed a Second Amended Complaint (SAC) (ECF No. 15), which it served on eviCore. The SAC is subject to a pending Motion to Dismiss, and the briefing is ongoing.

The Court's June 10, 2020, Order directed the Clerk of the Court to "unseal the above-captioned case." (ECF No. 6). At that time, there were five docketed documents under seal (ECF No. 1-5). Consistent with that Order, the Clerk did unseal the FAC, which was previously filed under seal as ECF No. 5. (*See* ECF No. 7). As we understand it, the Court also should have unsealed the Initial Complaint (ECF No. 1), as well as any Notice filed by the United States declining to intervene in this matter. We are not requesting the unsealing of any other documents that may remain under seal, such as *ex parte* requests for extensions of the seal or status reports filed by the U.S. Attorney's Office.

Typically, in the event that the U.S. Attorney's Office declines to intervene in a *qui tam* filing, it requests that the district court unseal the complaint and the government notice of its decision regarding declination, and district courts routinely unseal these documents in exactly this manner. *See e.g. United States ex rel. Daugherty v. Tiversa Holding Corp.,* 342 F. Supp. 3d 418, 423

**MINTZ**

January 28, 2021
Page 2



(S.D.N.Y. 2018) (following notice that government declined to intervene "docket and the Complaint were unsealed"); *see also United States ex rel. Taal v. St. Mary's Bank*, No. 5:19-cv-25, 2019 U.S. Dist. LEXIS 230000, at *6 (D. Vt. Apr. 11, 2019) (following notice that government declined to intervene "government's request that the court unseal the Complaint, its notice, and any future docket entries was granted the same day"). In the event of an Amended Complaint that was filed under seal, it would need to be placed on the public docket as well, as the Clerk did here with the FAC, which was initially filed under seal.

In the FCA, the provision governing *qui tam* actions permits only a limited seal period of 60 days, prior to a government decision regarding intervention. *See* 31 U.S.C. § 3730(b)(2). After the 60-day period (plus any judicial extensions) has elapsed, the complaint should be unsealed. *Id.*; *see United States ex rel. Davern v. Hoovestol, Inc.*, No. 11-CV-6630 CJS, 2015 U.S. Dist. LEXIS 151589, at *9 (W.D.N.Y. Nov. 6, 2015) ("31 U.S.C. § 3730 does *not* envision that documents filed in a *qui tam* action will remain sealed permanently.") (emphasis in original). This statutory unsealing requirement applies to the Initial Complaint that commenced this civil action.

Consistent with the statute, the government regularly requests the complaint(s) be unsealed when it notifies the court of its decision to decline to intervene, and has supported the unsealing of the complaint(s), even over the occasional objections of a relator or defendant. *See e.g. United States v. King Pharm., Inc.*, 806 F. Supp. 2d 833, 835 (D. Md. 2011) (granting government's request to unseal Amended Complaint despite realtor's objection); *Amato ex rel. United States v. Branch Banking & Tr. Co.*, No. 16-cv-599, 2018 U.S. Dist. LEXIS 101880, at *7 (D.D.C. May 8, 2018) (following declination, government supported unsealing of case record and opposed relator's motion for temporary sealing order). We are unaware of any circumstances that would justify any different treatment here of the Initial Complaint.

Thus, eviCore respectfully requests that the Court deem this pre-motion letter as constituting a formal motion—unopposed—for the relief requested, and that the Court now order the Clerk of the Court to unseal the Complaint (ECF No. 1) and any notice of declination filed by the U.S. Attorney's Office (ECF No. unknown to eviCore).

Sincerely,

/s/ Laurence J. Freedman
Laurence J. Freedman
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO, P.C.
701 Pennsylvania Avenue NW
Washington, DC 20004
Tel: 202-434-7300
LFreedman@Mintz.com

David M. Siegal
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO, P.C.
Chrysler Center
666 Third Avenue
New York, New York 10017

**MINTZ**

January 28, 2021
Page 3



      Tel: 212-935-3000
      DMSiegal@Mintz.com

      Brian P. Dunphy
      MINTZ, LEVIN, COHN, FERRIS,
      GLOVSKY & POPEO, P.C.
      One Financial Center
      Boston, MA 02111
      Tel: 617-542-6000
      BDunphy@mintz.com

      *Attorneys for Defendant*
      *eviCore healthcare MSI, LLC*

cc:    All Counsel of Record (Via ECF)

107750614